In the Matter of the Judicial Settlement of the Account of MATILDA R. WESCOTT, as Administratrix of the Estate of ADALINE M. WESCOTT, Deceased.

GRACE E. CATTERMOLE, Appellant; MATILDA R. WESCOTT, as Administratrix, etc., of ADALINE M. WESCOTT, Deceased, Respondent.

*Contract — agreement to make compensation for services by will — evidence establishing a right to such compensation.*

Upon the hearing before the surrogate of a claim made by one sister against the estate of another, evidence was given to the effect that the decedent in her lifetime agreed to compensate the claimant, for her services in caring for and nursing her, with all the property of which she should die possessed, and that all of such property would not be an excessive compensation therefor; that each sister had directed a will to be drawn in favor of the other, but that by mistake each signed the will which had been prepared for the other, and that the mistake was not discovered until after the death of the deceased sister.

*Held,* that while the evidence was susceptible of a construction establishing an intent to give an estate by will, which intent had failed of execution, it was also sufficient upon which to find an agreement to compensate for services quite independent of the intention to give the estate, and that the decree of the surrogate allowing the claimant the entire surplus of the decedent's estate in satisfaction of her claim was proper.

APPEAL by Grace E. Cattermole, a party to the above-entitled proceeding and one of the next of kin of the above-named deceased, from a decree of the Surrogate's Court of Dutchess county, entered in said Surrogate's Court on the 12th day of March, 1898, settling

the accounts of Matilda R. Wescott, as administratrix, etc., of Adaline M. Wescott, deceased, allowing to the said administratrix the entire amount of the decedent's estate, after the payment of debts, funeral expenses and the expenses of administration, in satisfaction of her claim.

*Edgar M. Doughty* [*Samuel A. Davis* with him on the brief], for the appellant.

*George Wood*, for the respondent.

HATCH, J.:

Matilda R. Wescott is the sister of the deceased, and both resided with their father until six years prior to the death of Adaline, when the father died, and thereafter the sisters lived together. The testimony satisfactorily establishes that Adaline was an invalid, suffering from consumption, from the effects of which she died. During the six years prior to Adaline's death Matilda cared for and nursed her. It is evident that, as Adaline slowly approached her dissolution, the care and nursing of her became more burdensome, and the services rendered more constant and exacting. There is no dispute but that the service, care and nursing were rendered with fidelity covering the whole period. Adaline recognized the obligation to Matilda, and the evidence is convincing that she agreed to compensate her therefor to the value of her estate.

Upon the proof, if the allowance had been made to Matilda, based upon *quantum meruit*, it would not have been excessive to have allowed her therefor the full amount left by Adaline. The learned surrogate, however, based his decision upon the existence of a contract between Adaline and her sister, whereby, in consideration of the care and nursing by Matilda, Adaline agreed to compensate her with all the property of which she should die possessed. The conclusion of the learned surrogate has support in the testimony. It appeared that each sister intended to make a will in favor of the other. These wills were prepared, but, by mistake, one became substituted for the other. Adaline executed Matilda's will, and Matilda executed Adaline's. This mistake was not discovered until after the death of Adaline. It was testified by Mr. Anthony, who prepared these wills, that his recollection was that Adaline stated

that if she outlived Matilda, she would need Matilda's property for her support, and, if Matilda outlived her, she would deserve Adaline's share of the property for the care she had taken and would take of Adaline. Mrs. Stevens, a half sister, testified that Adaline told her "that they had agreed that her sister Matilda was to take care of her as long as she lived, and she was to have whatever money of hers that was left for pay for taking care of her. She told me that three or four times. I can't give the dates, but I think it was in June before her death." The witness further testified that Adaline told her about the will, and also of the agreement to pay for the care and nursing. Lizzie Hoyt, an aunt, testified that Adaline stated to her, "when I am done with what I have, I want my estate to go to Tillie for what she is doing for me.  *   *   *   I have agreed to give Tillie all of my estate for the care she has taken of me, and I haven't half enough to pay her for that." While it is, doubtless, true that the evidence is susceptible of a construction of intent to give an estate to Matilda, and that such intent failed in execution, it is equally true that it is also sufficient upon which to find an agreement to compensate for service quite independent of an intent to give the estate. Such contract is valid and capable of enforcement. (*Robinson* v. *Raynor*, 28 N. Y. 494; *Boughton* v. *Flint*, 74 id. 476.) Neither does it fail where the compensation was to be made through the medium of a will and none was ever executed. (*Shakespeare* v. *Markham*, 10 Hun, 311; *Parsell* v. *Stryker*, 41 N. Y. 480.) A conveyance of the property in direct contravention of the agreement will not suffice to defeat the right, where the case clearly discloses the existence of an agreement to compensate, and service is rendered pursuant thereto. (*Erwin* v. *Erwin*, 44 N. Y. St. Repr. 6; S. C., 139 N. Y. 616.)

In the present case, the contract being established, the claimant became entitled to an allowance of the agreed compensation. This is accomplished by the decree, which should be affirmed, with costs to the respondent.

All concurred.

Decree of the surrogate affirmed, with costs to the respondent.